**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**


JOHN FRANKLIN DEROSSETT,
　　　　*Plaintiff,*

vs.                                                              DOCKET No.
                                                                   CIVIL ACTION

WAYNE IVEY, in his official capacity as
Brevard County, Florida Incorporated under the State
of Florida

(Fmr.) DEPUTY JASON ROBERTS, individually and
as an employee of Wayne Ivey in his official capacity
as Sheriff of Brevard County;

DEPUTY PETER STEAD, individually and as an
employee of Wayne Ivey in his official capacity as
Sheriff of Brevard County;

DEPUTY JOHN SMITH, individually and as an
employee of Wayne Ivey in his official capacity as
Sheriff of Brevard County:

　　　　　　　　　*Defendants*
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿／


**THIRD COMPLAINT**
**AND DEMAND FOR JURY TRIAL**


　　　　This action is brought by John Franklin DeRossett, individually, who was shot twice

during a fusillade of more than forty bullets fired by law enforcement officers at DeRossett's

house at 1051 Covina Street, Port St. John, Florida 32927 in the evening hours of August 20,

2015.

　　　　This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and

1988, and the Fourth Amendment to the United States Constitution, and under the Laws of

the State of Florida, against the Defendants, WAYNE IVEY, in his official capacity as

Sheriff of Brevard County, (Fmr.) DEP JASON ROBERTS, individually and as an employee of Wayne Ivey in his official capacity as Sheriff of Brevard County, DEP. PETER STEAD, individually and as an employee of Wayne Ivey in his official capacity as Sheriff of Brevard County, DEPUTY JOHN SMITH, individually and as an employee of Wayne Ivey in his official capacity as Sheriff of Brevard County. The Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages that exceed $75,000.00, not including costs, attorney's fees and prejudgment interest.

2. The claims asserted herein arise under 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Florida.

3. Venue is proper in the Middle District of Florida as the cause of action arose in Brevard County, Florida.

4. This complaint is based on the individual and concerted conduct of the named defendants in using the police power of the State of Florida to deprive the Plaintiff of constitutional and civil rights. The defendants' conduct individually and jointly, made under color of law violated the rights of John DeRossett under the Fourth Amendment to the United States Constitution, as well as the statutes and laws of Florida.

5. The violations described in the complaint resulted from the policies, customs, patterns, and practices of the named government agencies and their employees.

6. At all times material to this action, all defendants acted under color of state or local law.

## PARTIES

7. At all times relevant hereto, Plaintiff JOHN FRANKLIN DEROSSETT resided at 1051 Covina Street, Prt St. John, Florida 32927.

8.  On the day he was shot, JOHN FRANKLIN DEROSSETT, was a citizen of the State of Florida and resided in Brevard County, Florida.

9.  At all times material, plaintiff, JOHN FRANKLIN DEROSSETT, was *sui juris* and a resident of Brevard County, Florida.

10. At all times relevant hereto, Defendant, WAYNE IVEY, in his official capacity as Sheriff of Brevard County, at all times material to this action was the Sheriff of Brevard County and acted in his official capacity as Sheriff of Brevard County.

11. Brevard County is a County and political subdivision of the State of Florida, duly organized and existing under Florida law. At all times relevant to this complaint, Wayne Ivey, in his official capacity as Sheriff of Brevard County employed Defendants ROBERTS, STEAD, and SMITH.

12. The defendant, DEPUTY ROBERTS, is a citizen of the State of Florida residing in Brevard County, is over the age of 18 years, is *sui juris*, and at all times material to this action, was a sworn deputy of the Brevard County Sherriff's Office, headed by WAYNE IVEY, a municipal corporation, acting under color of law and was an agent, servant, employee of the WAYNE IVEY, acting within the course and scope of his employment.

13. The defendant, DEPUTY STEAD, is a citizen of the State of Florida residing in Brevard County, is over the age of 18 years, is *sui juris*, and at all times material to this action, was a sworn deputy of the Brevard County Sherriff's Office, headed by WAYNE IVEY, a municipal corporation, acting under color of law and was an agent, servant, employee of the WAYNE IVEY, acting within the course and scope of his employment.

14. The defendant, DEPUTY SMITH, is a citizen of the State of Florida residing in Brevard County, is over the age of 18 years, is *sui juris*, and at all times material to this action, was a sworn deputy of the Brevard County Sherriff's Office, headed by WAYNE IVEY,

a municipal corporation, acting under color of law and was an agent, servant, employee of the WAYNE IVEY, acting within the course and scope of his employment.

## FACTS COMMON TO ALL COUNTS

15. Plaintiff JOHN FRANKLIN DEROSSETT readopts and re-alleges paragraph 1-14 above in its entirety and makes the same a part hereof by reference.

16. On August 20, 2015, Plaintiff JOHN FRANKLIN DEROSETT was arrested by Deputies of the Brevard County Sheriff's Office for three (3) counts of attempted first-degree murder of a law enforcement officer.

17. Deputies STEAD, ROBERTS, and SMITH, all members of the Brevard County Sheriff's Office Special Investigations Unit travelled to Plaintiff's home in the late evening hours of August 20, 2015, without a warrant, to ostensibly execute a misdemeanor solicitation sting against the niece of Plaintiff, Mary Ellis.

18. Deputy STEAD, on his first prostitution detail, had been texting Ellis pretending to be a "john" via a department issued cell phone for three hours prior to arriving at plaintiff's home.

19. All three of the Deputies were involved in an undercover prostitution detail at a nearby motel, but decided to leave their posts and physically go to plaintiff's residence, an action that had never been done before by BCSO due to the danger and confusion that sort of action can cause, to effectuate this misdemeanor arrest.

20. Deputy STEAD arrived to the residence in plain clothes at 9:30 at night, walked up to the front door, knocked, and was greeted by Ellis who invited him in and turned around.

21. During the confusion of the investigation, but before anyone was arrested, Deputy STEAD, still dressed in plain clothes and posing as a "john," attempted to apprehend and secure Ms. Ellis while she remained inside her house by forcefully grabbing her and dragging her out into Plaintiff's dark front yard against Ellis's will.

22. Ms. Ellis immediately started screaming for help and attempted to free herself, which drew the attention of the Plaintiff, an off-duty part time security guard for Port Canaveral, who retrieved his firearm in an attempt to aid his niece, not knowing that any of the men present were law enforcement officers.

23. Deputy ROBERTS joined Deputy STEAD, in physically attempting to apprehend Ellis in the front yard, while Deputy SMITH kept watch of the front of the house.

24. Plaintiff left his bedroom and exited his residence to see several men actively trying to pull his niece away while she continued to scream for help.

25. Plaintiff fired his weapon once into the air to attempt to scare off the attackers, who then all immediately returned fire.

26. Plaintiff never heard anyone identify themselves as law enforcement or police.

27. Plaintiff was struck twice by the deputies' shots and was severely injured.

28. Plaintiff did not initiate the extreme use of force against him, but only returned fire, after being fired upon.

29. Plaintiff was a licensed security guard with a security clearance working at Port Canaveral at the time of the incident.

30. After being treated for multiple gunshot wounds, Plaintiff was taken into custody of the Brevard County Jail and has remained incarcerated for the majority of his criminal case.

31. On April 15, 2020, the Fifth District Court of Appeal issued an Opinion and Order granting Mr. DeRossett's Petition for qualified immunity and directed the Circuit Court to discharge the case.

## COUNT ONE

### Defendant (Fmr.) Deputy Roberts's Violation of 42 U.S.C. § 1983: Excessive Use of Force Under the Fourth Amendment

32. Plaintiff, JOHN FRANKLIN DEROSSETT, readopts and re-alleges paragraphs 1-31 above in its entirety and makes the same a part hereof by reference.

33. Plaintiff has the right under the Constitution of the United States to be secure from unlawful battery and unlawful restraint of his person and liberty, which may only be restricted upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

34. On or about August 20, 2015, Defendant ROBERTS acting under color of law as an employee and agent of WAYNE IVEY, deprived Plaintiff of his rights under the United States Constitution, in violation of U.S.C. 1983, in that, without probable cause or reasonable suspicion that Plaintiff had committed a violation of the law, illegally shot, restrained, handcuffed, and searched Plaintiff's person and property, thereby causing Plaintiff physical and emotional pain and suffering. Defendant ROBERTS had no legal right to restrain witness, Mary Ellis, in the way he did causing Plaintiff to come to her defense, or to fire on Plaintiff prior to identifying himself as law enforcement. Defendant's violent action constituted excessive force, and cannot be accepted in civilized society.

35. As a result, Plaintiff was deprived of his rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and the damages that resulted therefrom.

36. Defendant ROBERTS knew that his actions would deprive Plaintiff of his Constitutional rights but proceeded with the unlawful actions with willful disregard for the consequences of said actions.

37. As a direct result of Defendant ROBERT'S actions, Plaintiff has suffered damages, including but not limited to, physical inconvenience, physical discomfort and pain,

physical suffering, medical expenses, legal fees, emotional damage, mental suffering,

damage to his reputation, and all other damages associated with Plaintiff's search and

detention, which exist to this day and which emotional suffering and damage is likely to

continue in the future.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, JOHN FRANKLIN DEROSSETT requests Judgment

against Defendant, JASON ROBERTS for:

a.  a. Compensatory damages for the past and future pain and suffering, and past and

   future humiliation, emotional and embarrassment,

b.  Attorney's fees and costs pursuant to 42 U.S.C. § 1988,

c.  Trial by jury on all issues so triable,

d.  Such other relief as the Court may deem just, proper and equitable.

### COUNT TWO

#### Defendant Deputy Stead's Violation of 42 U.S.C. § 1983: Excessive Use of Force Under the Fourth Amendment

38. Plaintiff, JOHN FRANKLIN DEROSSETT, readopts and re-alleges paragraph 1-30

   above in its entirety and makes the same a part hereof by reference thereto.

39. Plaintiff has the right under the Constitution of the United States to be secure from

   unlawful battery and unlawful restraint of his person and liberty, which may only be

   restricted upon due process of law under the Fourth and Fourteenth Amendments to the

   United States Constitution.

40. On or about August 20, 2015, Defendants STEAD acting under color of law as an

   employee and agent of WAYNE IVEY, deprived Plaintiff of his rights under the United

   States Constitution, in violation of U.S.C. 1983, in that, without probable cause or

   reasonable suspicion that Plaintiff had committed a violation of the law, illegally shot,

restrained, handcuffed, and searched Plaintiff's person and property, thereby causing

Plaintiff physical and emotional pain and suffering. Defendant STEAD had no legal right

to attempt to restrain witness Mary Ellis, causing Plaintiff to come to her defense, or to

fire on Plaintiff prior to identifying himself as law enforcement. Defendant's violent

action constituted excessive force and cannot be accepted in civilized society.

41. As a result, Plaintiff was deprived of his rights under the Fourth, and Fourteenth

Amendments to the Constitution of the United States. Violation of these rights entitles

Plaintiff to an award of damages for loss of those rights and the damages that resulted

therefrom.

42. Defendant STEAD knew that his actions would deprive Plaintiff of his Constitutional

rights but proceeded with the unlawful actions with willful disregard for the

consequences of said actions.

43. As a direct result of Defendant STEAD'S actions, Plaintiff has suffered damages,

including, but not limited to, physical inconvenience, physical discomfort and pain,

physical suffering, medical expenses, legal fees, emotional damage, mental suffering,

damage to his reputation, and all other damages associated with Plaintiff's search and

detention, which exist to this day and which emotional suffering and damage is likely to

continue in the future.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, JOHN FRANKLIN FEROSSETT requests Judgment

against Defendant, PETER STEAD for:

a. Compensatory damages for the past and future pain and suffering, and past and future

humiliation, emotional and embarrassment,

b. Attorney's fees and costs pursuant to 42 U.S.C. § 1988,

c. Trial by jury on all issues so triable,

    d.   Such other relief as the Court may deem just, proper and equitable.

## COUNT THREE

### Defendant Deputy Smith's Violation of 42 U.S.C. § 1983: Excessive Use of Force Under the Fourth Amendment

44. Plaintiff, JOHN FRANKLIN DEROSSETT, readopts and re-alleges paragraph 1- 30 above in its entirety and makes the same a part hereof by reference.

45. Plaintiff has the right under the Constitution of the United States to be secure from unlawful battery and unlawful restraint of his person and liberty, which may only be restricted upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

46. On or about August 20, 2015, Defendant SMITH acting under color of law as an employee and agent of WAYNE IVEY, deprived Plaintiff of his rights under the United States Constitution, in violation of U.S.C. 1983, in that, without probable cause or reasonable suspicion that Plaintiff had committed a violation of the law, illegally shot, restrained, handcuffed, and searched Plaintiff's person and property, thereby causing Plaintiff physical and emotional pain and suffering. Defendant SMITH had no legal right attempt to restrain witness Mary Ellis, causing Plaintiff to come to her defense, or to fire on Plaintiff prior to identifying himself as law enforcement. Defendant's violent action constituted excessive force, and cannot be accepted in civilized society.

47. As a result, Plaintiff was deprived of his rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and the damages that resulted therefrom.

48. Defendant SMITH knew that his actions would deprive Plaintiff of his Constitutional rights but proceeded with the unlawful actions with willful disregard for the consequences of said actions.

49. As a direct result of Defendant SMITH'S actions, Plaintiff has suffered damages, including, but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, emotional damage, mental suffering, damage to his reputation, and all other damages associated with Plaintiff's search and detention, which exist to this day and which emotional suffering and damage is likely to continue in the future.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, JOHN FRANKLIN DEROSSETT requests Judgment against Defendant SMITH for:

a.  Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

b.  Attorney's fees and costs pursuant to 42 U.S.C. § 1988,

c.  Trial by jury on all issues so triable,

d.  Such other relief as the Court may deem just, proper and equitable.

### COUNT FOUR

### Violation of 42 U.S.C. § 1983: Excessive Use of Force Under the Fourth Amendment (*Monell* Claim) by Defendant Wayne Ivey, in his official capacity as Sheriff of Brevard County

50. Plaintiff, JOHN FRANKLIN DEROSSETT, readopts and re-alleges paragraph 1- 30 above in its entirety and makes the same a part hereof by reference.

51. Plaintiff has the right under the Constitution of the United States to be secure from unlawful battery and unlawful restraint of his person and liberty, which may only be

restricted upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

52. Because Deputies Roberts, Stead, and Smith shot Plaintiff pursuant to the policies, procedures and customs of Defendant Wayne Ivey, in his official capacity as Sheriff of Brevard County, the Defendant Wayne Ivey, in his official capacity as Sheriff of Brevard County was the moving force behind the violation of John DeRossett's federally protected Fourth Amendment right to be free from state-sponsored use of excessive force.

53. The official policies, procedures, and customs of Defendant Wayne Ivey, in his official capacity as Sheriff of Brevard County, directly and proximately caused the unlawful shooting of John DeRossett.

54. As a direct result of these actions, Plaintiff has suffered damages, including, but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, emotional damage, mental suffering, damage to his reputation, and all other damages associated with Plaintiff's search and detention, which exist to this day and which emotional suffering and damage is likely to continue in the future.

55. By reason of the acts, omissions, wrongs, and other acts perpetrated by the Defendants herein, individually, severally, and collectively, in depriving plaintiff, John DeRossett, of valuable constitutional rights, it was necessary for him to seek and retain the services of legal counsel to attempt the redress of the constitutional rights deprived. Thus, Plaintiff has incurred substantial and reasonable attorney fees and costs that he is entitled to recover from Defendants pursuant to 42. U.S.C. § 1988 and under Florida law.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, JOHN FRANKLIN DEROSSETT requests Judgment against Defendant IVEY for:

a.  Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

b.  Attorney's fees and costs pursuant to 42 U.S.C. § 1988,

c.  Trial by jury on all issues so triable,

d.  Such other relief as the Court may deem just, proper and equitable.

## COUNT FIVE

### Violation of 42 U.S.C. § 1983: Deliberate Indifference in the Failure to Train and Supervise Under the Fourth Amendment (*Monell* Claim) By Defendant Wayne Ivey in his official capacity as Sheriff of Brevard County

56. Plaintiff, JOHN FRANKLIN DEROSSETT, readopts and re-alleges paragraph 1- 30 above in its entirety and makes the same a part hereof by reference.

57. Sheriff Ivey, in his official capacity as Sheriff of Brevard County, and Deputies Roberts, Stead, and Smith, in their individual capacity, illegally detained John DeRossett in violation of the Fourth Amendment to the United States Constitution.

58. Plaintiff has the right under the Constitution of the United States to be secure from unlawful battery and unlawful restraint of his person and liberty, which may only be restricted upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

59. Wayne Ivey in his official capacity as Sheriff of Brevard County knew of a need to train and/or supervise deputy sheriffs while executing an undercover misdemeanor solicitation sting. Instead, Deputy Stead, a person who had virtually no training on this sort of operation, was on his fourth day working with the BCSO Special Investigations Unit, and had never conducted a solicitation detail before, recklessly went to Plaintiff's house and forcefully grabbed a resident out against her will and without a warrant. Deputies Roberts and Smith also assisted in this ill-fated plan, which directly led to the Plaintiff being shot at over forty times and shot twice.

60. As a direct result of these actions, Plaintiff has suffered damages, including, but not

limited to, physical inconvenience, physical discomfort and pain, physical suffering,

medical expenses, emotional damage, mental suffering, damage to his reputation, and all

other damages associated with Plaintiff's search and detention, which exist to this day

and which emotional suffering and damage is likely to continue in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, JOHN FRANKLIN DEROSSETT requests Judgment

against Defendant IVEY for:

a. Compensatory damages for the past and future pain and suffering, and past and future

humiliation, emotional and embarrassment,

b. Attorney's fees and costs pursuant to 42 U.S.C. § 1988,

c. Trial by jury on all issues so triable,

d. Such other relief as the Court may deem just, proper and equitable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 22, 2020 I filed a copy of the forgoing with

the Clerk of the Court.

Respectfully Submitted,

/s/Thomas B. Luka_____
THOMAS B. LUKA
Florida Bar No. 187770
710 Vassar Street
Orlando FL. 32804
Telephone: (407) 841-7400
Fax; (407) 841-7887
E-mail: tomluka@hotmail.com