UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN FRANKLIN DEROSSETT,

    Plaintiff,

v.                                                         Case No. 6:20-cv-716-Orl-37GJK

WAYNE IVEY; JASON ROBERTS;
PETER STEAD; and JOHN SMITH,

    Defendants.
_____

**ORDER**

Defendant Wayne Ivey, in his official capacity as Sheriff of Brevard County, moves to dismiss Plaintiff's complaint. (Doc. 11 ("**Motion**").) Plaintiff responded. (Doc. 18.) On review, the Motion is granted in part.

    **I.**    **BACKGROUND**[1]

This case arises from the August 20, 2015 shooting of Plaintiff by law enforcement officers. (Doc. 1, p. 1.) That night, Defendants Jason Roberts, Peter Stead, and John Smith—deputies of the Brevard County Sheriff's Office—were involved in an undercover prostitution detail at a motel before heading to Plaintiff's home to execute a "misdemeanor solicitation sting" against Plaintiff's niece, Mary Ellis. (*Id.* ¶¶ 17, 19.) Deputy Stead, in plain clothes pretending to be a "John," knocked on the door, and Ms. Ellis invited him in. (*Id.* ¶¶ 18, 20.) As Ms. Ellis turned around, Deputy Stead attempted

---

[1] The Court takes the facts in the complaint (Doc. 1) as true and construes them in the light most favorable to Plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

-1-

to apprehend her, forcefully grabbing her and dragging her into the front yard; Deputy Roberts assisted while Deputy Smith kept watch. (*Id.* ¶¶ 20, 21, 23.) Ms. Ellis screamed for help and attempted to free herself. (*Id.* ¶ 22.)

Hearing Ms. Ellis's screams, Plaintiff, an off-duty security guard for Port Canaveral, grabbed his firearm and ran outside, where he found several men trying to pull his niece away. (*Id.* ¶¶ 22, 24.) Not knowing they were law enforcement officers, Plaintiff fired his weapon into the air to scare them off. (*Id.* ¶¶ 22, 25–26.) Without identifying themselves, the officers returned fire, striking Plaintiff twice. (*Id.* ¶¶ 25–27.) Plaintiff fired back and was arrested for three counts of attempted first-degree murder of a law enforcement officer. (*Id.* ¶¶ 16, 28.) He was incarcerated for most of his criminal case, and on April 15, 2020, Florida's Fifth District Court of Appeal directed the trial court to discharge the case. (*Id.* ¶¶ 30–31.)

Plaintiff first sued Defendants under 42 U.S.C. § 1983 on August 20, 2019, raising excessive force claims against the individual Defendants and related *Monell* claims against Sheriff Ivey ("**First Action**"). *See Derossett v. Ivey*, No. 6:19-cv-1575-Orl-40LRH, Doc. 2 (M.D. Fla. Aug. 20, 2019). The First Action was dismissed without prejudice for failure to comply with Court orders, and Plaintiff's motion to vacate the dismissal order was denied on September 30, 2019. *See* First Action, Docs. 11, 13. Plaintiff initiated a new action against Defendants with the same claims on October 1, 2019. *See Derossett v. Ivey*, No. 6:19-cv-1881-Orl-22DCI, Doc. 1 (M.D. Fla. Oct. 1, 2019) ("**Second Action**"). The Second Action was dismissed without prejudice for failure to prosecute on January 23, 2020. *See* Second Action, Doc. 8. Plaintiff then filed this case on April 24, 2020. (Doc. 1.)

Plaintiff raised two *Monell* claims against Sheriff Ivey in his official capacity: (1) Sheriff Ivey's official policies, procedures, or customs caused the excessive force ("**Count Four**"); and (2) Sheriff Ivey was deliberately indifferent in failing to train and supervise ("**Count Five**"). (*Id.* ¶¶ 50–60.) Sheriff Ivey moves to dismiss these claims. (Doc. 11.) With Plaintiff's response (Doc. 18), the matter is ripe.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint doesn't need detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.   ANALYSIS

Sheriff Ivey argues dismissal is warranted because: (1) Plaintiff filed the complaint over four years after the shooting, so his claims are barred by the statute of limitations; and (2) the complaint fails to allege a plausible *Monell* claim against Sheriff Ivey. (*See* Doc. 11.) The Court addresses each.

### A.   Statute of Limitations

First is whether the claims are time barred. (*See* Doc. 11, pp. 6–9.) For § 1983 claims in Florida, the statute of limitations period is four years. *See City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) (citations omitted); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The clock "does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (citation omitted). This occurs when plaintiffs "know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chappell*, 340 F.3d at 1283 (citation omitted). Dismissal under Rule 12(b)(6) is appropriate based on an affirmative defense, like the statute of limitations, where the complaint's allegations, on their face, show recovery is barred. *See Desrouleaux v. Vill. of Biscayne Park*, No. 18-cv-23797-GAYLES/OTAZO-REYES, 2019 WL 2076189, at *3 (S.D. Fla. May 10, 2019) (citing *Cotton v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)).

Plaintiff raised his claims against Sheriff Ivey on April 24, 2020—over four years after the shooting on August 20, 2015. (*See* Doc. 1.) But did the statute of limitations clock for the *Monell* claims start the date of the shooting? Turning to the allegations in the complaint, the Court cannot tell when the facts supporting these claims were or should have been apparent. While Plaintiff knew he was injured on August 20, 2015 when he was shot, it's unclear when he knew or should have known Sheriff Ivey, in his official capacity, was responsible for the injury. Plaintiff claims Deputies Roberts, Stead, and Smith were acting under Sheriff Ivey's policies, procedures, or practices and that Sheriff Ivey knew of a need to train or supervise deputy sheriffs, but the complaint says nothing

about what the policy, procedure, or custom is; how Plaintiff knows about this or Sheriff Ivey's knowledge of needing to train or supervise; or when Plaintiff learned any of this. (*See* Doc. 1, ¶¶ 50–60.) Absent additional allegations, it's not apparent from the face of the complaint that the statute of limitations bars Plaintiff's claims.[2] *See, e.g.*, *Desrouleaux*, 2019 WL 2076189, at *3 (concluding the court couldn't find the § 1983 claims time barred where the plaintiff alleged the incident took place five years before but didn't learn of the defendant's allegedly illegal policy until two years later).

### B. Failure to State a Claim

Next is whether Plaintiff adequately stated *Monell* claims against Sheriff Ivey in Counts Four and Five. (Doc. 11, pp. 9–12.) Let's consider each claim in turn.

Count Four stems from Sheriff Ivey's policy, procedure, or custom, which allegedly violated Plaintiff's rights. (*See* Doc. 1, ¶¶ 50–55.) To state a *Monell* claim, the plaintiff must allege: (1) "his constitutional rights were violated"; (2) "the municipality had a custom or policy that constituted deliberate indifference to that constitutional right"; and (3) "the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citation omitted). Municipal liability may be established based on an official policy enacted by a legislative body or a policymaker acquiescing in "a longstanding practice that constitutes the entity's standard operating procedure" or

---

[2] If Plaintiff seeks to later argue for equitable tolling (*see* Doc. 18, pp. 3–6), he is advised that although the First Action was filed exactly four years from the date of the shooting, *see* First Action, Doc. 2, the dismissal without prejudice of the First and Second Actions does not automatically toll the statute of limitations. *See, e.g.*, *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see also Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004).

ratifying and adopting the acts of a subordinate official. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (citations omitted). "[T]o demonstrate a policy or custom, it is 'generally necessary to show a persistent and wide-spread practice.'" *McDowell*, 392 F.3d at 1290 (citation omitted). But a plaintiff may not try to impose liability on a municipality for acts of its employees under a theory of *respondeat superior*. *See Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403 (1997) (citations omitted).

Count Four fails to state a *Monell* claim. Plaintiff alleges Deputies Roberts, Stead, and Smith shot him "pursuant to the policies, procedures and customs of Defendant Ivey, in his official capacity as Sheriff of Brevard County" and these "official policies, procedures, and customs . . . directly and proximately caused the unlawful shooting." (Doc. 1, ¶¶ 52–54.) But Plaintiff doesn't identify what the policies, procedures, or customs are that purportedly caused the shooting, and his allegations for causation equally lack factual support. (*See id.* ¶¶ 50–55.) These conclusory and boilerplate allegations of a custom or policy aren't enough to state a *Monell* claim.[3] *See, e.g., Harvey v. City of Stuart*, 296 F. App'x 824, 826 (11th Cir. 2008)[4] (dismissing a *Monell* claim where the plaintiff

---

[3] In response to the Motion, Plaintiff contends he will be able to show a pattern of covering up or ignoring abuses by Sheriff Ivey in other cases and that Sheriff Ivey engaged in a pattern of aggressive prosecution and pressured Plaintiff during the pendency of his criminal case. (*See* Doc. 18, pp. 3, 6.) But even if these allegations could support a *Monell* claim, Plaintiff doesn't include them in his complaint. (*See* Doc. 1.) And it is unclear how Sheriff Ivey's conduct after the shooting could support a claim that the conduct *caused* the alleged constitutional violation. *See McDowell*, 392 F.3d at 1289 (noting the plaintiff must show "the policy or custom caused the violation").

[4] While unpublished opinions are not binding precedent, they may be considered persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

"failed to identify any policy or custom that caused a constitutional violation" and offered only "vague and conclusory allegations"); *see also Phillips v. City of W. Palm Beach*, No. 18-cv-80172-BLOOM/Brannon, 2018 WL 3586179, at *10 (S.D. Fla. June 26, 2018).

Count Five alleges Sheriff Ivey failed to train or supervise. (*See* Doc. 1, ¶¶ 56–60.) Failure to adequately train may provide a basis for municipal liability if the municipality inadequately trains or supervises its employees, the inadequate training represents "city policy," and the policy causes the employees to violate a citizen's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989). "[A] plaintiff may prove a city policy by showing that the municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). For this, "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.* (citations omitted). "[W]ithout notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise." *Id.* at 1351. So a plaintiff must ordinarily demonstrate a "pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citation omitted).

Count Five likewise fails to state a *Monell* claim. Other than recounting the events of that night, noting Deputy Stead "had virtually no training," and stating Sheriff Ivey "knew of a need to train and/or supervise deputy sheriffs while executing an undercover misdemeanor solicitation sting," Plaintiff alleges no facts to support a failure to train claim. (*See* Doc. 1, ¶ 56–60.) Plaintiff doesn't allege how Sheriff Ivey knew of a need to

train or supervise deputy sheriffs while executing these stings. (*See id.*) No previous incidents are discussed; instead, Plaintiff focuses on the single incident with Deputy Stead and even alleges executing a "sting" in this way "had never been done before." (*See id.* ¶¶ 19, 56–60.) But allegations of a single incident, without facts supporting notice of a need to train or supervise or an official policy or widespread practice, aren't enough to state a *Monell* claim. *See, e.g.*, *Cooper v. City of Starke*, No. 3:10-cv-280-J-34MCR, 2011 WL 1100142, at *8 (M.D. Fla. Mar. 23, 2011) (discussing allegations of a single incident of force and dismissing a failure to train claim where "Plaintiffs do not offer any *facts* demonstrating how the training was inadequate or that the need for additional training was obvious"); *see also Campbell v. City of Jacksonville*, No. 3:17-cv-914-J-34JRK, 2018 WL 1463352, at *15–16 (M.D. Fla. Mar. 23, 2018).

So the Court dismisses Counts Four and Five without prejudice. Plaintiff will have one opportunity to amend his complaint to address the deficiencies in his claims against Sheriff Ivey if he can comply with the requirements of *Monell* claims outlined in this Order. Failure to timely or adequately amend will result in the case proceeding on the claims against Deputies Roberts, Stead, and Smith only.

### IV.  CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. Motion to Dismiss "Third Complaint" by Defendant Sheriff (Doc. 11) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Motion is **GRANTED** to the extent Counts Four and Five of Plaintiff's complaint (Doc. 1, ¶¶ 50–60) are **DISMISSED WITHOUT**

>           **PREJUDICE**.
>
>      b.   In all other respects, the Motion is **DENIED**.
>
> 2.   On or before Wednesday, **August 19, 2020**, Plaintiff may file an amended complaint addressing the deficiencies identified in this Order. Failure to timely file will result in the case proceeding on Plaintiff's remaining claims only.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 6, 2020.

/s/ Roy B. Dalton Jr.
ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record